# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN LEE SHERWOOD, | ) | 1:08-cv-00554-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | AS CONTAINING UNEXHAUSTED CLAIMS |
| | ) | |
| | ) | ORDER TO FILE RESPONSE WITHIN |
| FERNANDO GONZALEZ, | ) | THIRTY DAYS |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A preliminary review of the petition, however, reveals that some of Petitioner's claims may be unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair

opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 7-9, 112 S.Ct. 1715 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 432-434, 120 S. Ct. 1479 (2000).  Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366.

In this case, the petition raises the following issues: (1) the conviction was obtained through the use of an illegal confession in that Petitioner was not advised of his constitutional rights before custodial interrogation began; (2) prosecutor and defense counsel explained jury instructions on felony murder to the jury during opening arguments; (3) failure of the prosecution to disclose exculpatory evidence.  (Doc. 1, pp. 5-6).

Petitioner alleges that in his direct appeal the only issue raised was the trial court's failure to conduct a hearing on Petitioner's motion to obtain new counsel.  (Doc. 1, p. 3).  In a separate state habeas proceeding in the California Supreme Court, Petitioner alleges that he raised the following issues: (1) failure of the trial court to conduct a hearing on Petitioner's motion to obtain new counsel; (2) failure to provide a psychiatric evaluation, presumably of Petitioner; (3) ineffective assistance of trial counsel; and (4) failure to instruct the jury on "disassociation" law.  (Id.).

As can readily be seen from a comparison of the various state and federal filings, none of the claims in the instant federal petition have been raised in state court, let alone fully exhausted in state court.  The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.  Rose, 455 U.S. at 521-522.

Petitioner will be ordered to show cause why the petition should not be dismissed for failing to exhaust state court remedies.  Should it be the case that the claims were exhausted, Petitioner should make clear when and in what court the claims were raised.  If possible,

2

1  Petitioner should present to the Court documentary evidence that the claims were indeed
2  presented to the California Supreme Court.[1]

3  　　　If the Petition contains unexhausted claims, Petitioner may, at his option, withdraw the
4  unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d
5  568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions
6  by striking unexhausted claims as an alternative to suffering dismissal").

7  　　　Petitioner may also move to withdraw the unexhausted claims and move to hold the
8  petition in abeyance while the unexhausted claims are exhausted in state court. Kelly v. Small,
9  315 F. 3d 1063, 1070 (9th Cir. 2003), overruled in part by Robbins v. Carey, 481 F. 3d 1143,
10 1148-1149 (9th Cir. 2007); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002). However,
11 such a request will not be considered by the Court until the Petition contains only exhausted
12 claims and it is clear that the Petition is not barred by the statute of limitations.[2]

13 　　　Petitioner may also move to withdraw the entire Petition and return to federal court only
14 when he has finally exhausted his state court remedies. Petitioner should bear in mind, however,
15 that there exists a one year statute of limitations applicable to federal habeas corpus petitions.
16 28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-886. In most cases, the one year period starts to
17 run on the date the California Supreme Court denied Petitioner's direct review. See id.
18 Although the limitations period tolls while a properly filed request for collateral review is
19 pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is
20 pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).

21 　　　Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the
22 Court find that the Petition contained unexhausted claims.

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

[2] If, however, as it appears here, none of the claims in the petition have been exhausted, the Court will have no option but to dismiss the petition since the petition would be completely unexhausted. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-522 (1982); Calderon, 107 F.3d at 760.

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this order why the petition for writ of habeas corpus should not be dismissed for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in a Findings and Recommendations recommending that the petition for writ of habeas corpus be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **June 27, 2008**                               /s/ Theresa A. Goldner
                                                    UNITED STATES MAGISTRATE JUDGE